

*U.S. Department of Justice*

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*    *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

October 22, 2004

Paul J. Garrity, Esq.
14 Londonderry Road
Londonderry, NH 03053

Charles McGinty, Esq.
Federal Defenders Office
408 Atlantic Avenue
Boston, MA 02110

    Re:  <u>United States v.  Rivera, et al.</u>
         <u>Criminal No.  04-10271-PBS</u>

Dear Counsel:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendants, Juan Rivera and Alexander Gonzalez in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    Statement of Juan Rivera of 7/15/04; and Consent to Search form, Bates stamped #s 189, 191.

    There are no relevant written statements of the defendant, Alexander Gonzalez in the possession, custody or control of the government, which are known to the attorney for the government.

b.  <u>Recorded Statements</u>

Consensual CD and cassette recordings were made of telephone conversations and personal meetings involving the defendants. The United States is making the audiotapes and the CDs containing the actual recorded statements described above available for copying at Apex Reporting, 322 Summer Street, Boston, MA 02210. A copy of the cover letter to Apex authorizing counsel to obtain copies from Apex is provided herewith.  The recordings are designated as N-1 to 7; N-9 to 10; N-12 to 16; N-18 to 20; N-22 to 23; and N-25 to 28.  The originals of these items may also be reviewed at the United States Attorney's Office at a mutually convenient time and a copy of the recorded statement will also be sent to the institution where any defendant is presently incarcerated in accordance with Local Rule 116.

c.  <u>Grand Jury Testimony of the Defendant</u>

The defendants did not testify before a grand jury in relation to this case.

d.  <u>Oral Statements to Then Known Government Agents</u>

The government is unaware of any oral statements made by the defendants before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.  <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

It is the government's understanding that the defendants were provided with any prior criminal record of the defendants by pretrial services.  If you need an additional copy, kindly let me know.

3.  <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

Enclosed are copies of all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant.  These items are Bates stamped #s 1-191. The government has included photocopies of surveillance photographs taken during the course of the investigation.  The original photographs and other materials may be inspected by contacting the undersigned Assistant U.S.

Attorney and making an appointment to view the same at a mutually convenient time. There are additional photographs that are not being produced at this time as they would present safety concerns and could compromise ongoing investigative matters.

Any additional books, papers, documents and tangible items which come within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

In particular, the government maintains the materials listed in the following DEA-7a reports provided herewith:
DEA-7a reports referencing exhibits N-1 to N-30, Bates Stamped #s 111-139.

Although the production at this time is not required under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government provides herewith the following DEA-6 reports:

- One DEA-6 report dated April 2, 2004
- One DEA-6 report dated April 6, 2004
- Two DEA-6 reports dated April 27, 2004
- One DEA-6 report dated May 7, 2004
- Two DEA-6 reports dated May 11, 2004
- Two DEA-6 reports dated May 18, 2004
- One DEA-6 report dated June 4, 2004
- One DEA-6 report dated June 9, 2004
- One DEA-6 report dated June 23, 2004
- One DEA-6 report dated June 29, 2004
- Two DEA-6 reports dated July 16, 2004
- Diagram of scene of July 15, 2004

The foregoing are Bates stamped #s 58-103, 190.

Enclosed are redacted copies of statements of the cooperating witness Bates stamped #s 141-143. The government will supplement these statements upon receipt of the additional statements. However, The government declines to provide the name of witness under this section, pursuant to Local Rule 116.6 because "it would be detrimental to the interests of justice" to make the disclosure at this time due to safety concerns and ongoing investigative matters.

Enclosed are copies of the Grand Jury minutes dated September 2, 2004 and Grand Jury exhibits numbers 1-5, Bates stamped #s 13-57.

4.   <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

   Enclosed are the following documents:
   Drug Enforcement Administration ("DEA")- 7 reports; exhibit # 1-7 attached and Bates stamped #s 104-110.

   There presently are no reports of physical or mental examinations or scientific tests or experiments other than those referenced above, made in connection with this case.

B.   <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

   A consent search was conducted at the arrest of Juan Rivera by representatives of the DEA for the contents of his cellular telephone.  No useable evidence was obtained from the cellular telephone.  Although not required by Local Rule 116.1 (C)(1)(b), enclosed is a copy of the written Consent to Search form obtained in relation to the above search, and referenced above, and Bates stamped # 191.

   An inventory search was conducted of the 2002 gray Toyota Camry and the persons of the defendants on July 15, 2004 by representatives of the DEA.  Enclosed is an inventory of evidence seized during the searches, DEA exhibits N-29 to N-30, and Bates stamped #s 1,9-10.

C.   <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

   No oral, wire, or electronic communications of the defendants as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

   A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is enclosed and set forth in paragraph 1(b) above.  The recordings contain telephone calls involving the cooperating witness, source of supply, and the undercover agent setting up the drug transactions with the defendants.  The personal meeting tapes consist of recordings of conversations that occurred during the drug transactions involving the defendants, cooperating witness, source of supply,

and undercover agent.  Although not required by Local Rule 116.1(C)(1)(d)(i), the government is producing the following reports relating to the consensual recordings, a full description of these recordings is contained in the DEA-6 reports attached hereto.  The conversations on these tape recordings are in the English language.  The videotapes consist of surveillance conducted at locations during the investigation.

E.    Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)



F.    Identifications under Local Rule 116.1(C)(1)(f)

        I have no information indicating that the defendants were the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.    Exculpatory Evidence Under Local Rule 116.2(B)(1)

     With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

     1.    The government is unaware of any information that would tend directly to negate the defendant's guilt concerning any count in the indictment.

     2.    The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

     3.    In the course of this investigation the government used a cooperating witness hereinafter referred to a CW-1.  CW-1 has received payment for its work in this case, the amount of which

is presently being compiled and will be produced to you.  CW-1 also received consideration in a pending case.  The government declines to provide the name of witness under this section, pursuant to Local Rule 116.6 because "it would be detrimental to the interests of justice" to make the disclosure at this time due to safety concerns and ongoing investigative matters.

    4.   CW-1 has a criminal record.  A redacted copy of CW-1's criminal history  is attached as Bates stamped #s 144-188.

    5.   CW-1 also has pending cases as shown in the attached criminal history.

    6.   No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue.  Moreover, no identification procedure was used in this case.

H.   <u>Other Matters</u>

    The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

    The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case and is set forth in the indictment in this case, a copy of which you previously have received.

    Please call the undersigned Assistant U.S. Attorney at 617-748-3215 if you have any questions.

```
                         Very truly yours,

                         MICHAEL J. SULLIVAN
                         United States Attorney

                    By:
                         s/ Glenn A. MacKinlay
                         GLENN A. MACKINLAY
                         Assistant U.S. Attorney
```

enclosures

cc:  Dianalyn Saccoccio
     Clerk to the Honorable Chief
     Magistrate Judge Marianne B. Bowler
(w/o enclosures and with co-conspirators names redacted)