UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                      )          CRIMINAL NO. 04-10271-PBS<br>)<br>ALEXANDER GONZALEZ                     )<br>) | |

MOTION TO COMPEL PRODUCTION OF TAPES BY GOVERNMENT

Defendant Alexander Gonzalez respectfully moves, consistent with Local Rule 116.4(A)(1), to compel the government to furnish at its expense a copy of all tape recordings to defendant.

By letter to the government, dated November 2, 2004, defendant sought a copy of all tape recordings, including all consensual CD and cassette recordings of telephone and personal meetings. The government, by letter of November 18, 2004, replied that it had "produced a copy of the recordings to Apex Reporting" from which defense counsel could pay for a copy. The letter also said that "[a] second set of recordings has been made available for your examination and review here at the U.S. Attorney's office at a mutually convenient time." This offer, in the government's view, "has not only met, but exceeded the obligations set forth in Local Rule 116.4(A)(1)...."

The Local Rule provides:

(1) The government must provide at least one copy of all tape recordings in its possession that are discoverable for examination and review by the defendant parties.

(2) If a defendant requests additional copies, the government must make arrangements to provide or to enable that defendant to make such copies at that defendant's expense.

Plainly, the government must "provide" (as in "give") a first set, and must "make arrangements to provide" (for example, "make arrangements at Apex for copying") any further sets, these

additional sets "at that defendant's expense."  Thus, the first set is at government expense; later sets are at that defendant's expense.  Sensibly, this has resulted in a practice in this courthouse where the government provides the first set to one defense counsel (frequently from this office) who agrees to make the tapes available to other counsel in the case.  But the government departs from that practice here, necessitating this motion.

It seems, well, silly to be taking up the time of this Court with something like this.  The Local Rules were intended to be self-executing and the parties should be able to appreciate their respective responsibilities and act accordingly.  Not so here.  The government in its letter states, plaintively and quite beside-the-point:

> This office has a host of cases in which there are discoverable recordings. Time and financial restrictions prevent us from making individual copies of recordings for all defendants, particularly in light of the complex nature of the multiple defendant cases.

There are only 2 defendants in this case; only one is contesting the case and he is asking for a single copy.  No one is asking the government to make individual copies for all defendants.

The rule requires the government to "provide" a copy to defense counsel and it should be ordered to do so forthwith.

ALEXANDER GONZALEZ
By his attorney,

/s/ Charles P. McGinty
_____
Charles P. McGinty
  B.B.O. #333480
Federal Defender Office
408 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Tel: 617-223-8061

Date:  December 2, 2004

-2-